IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMERICA BANK, a Texas banking association,<br><br>    Plaintiff,<br><br>v.<br><br>5515 SPALDING, LLC, ANIL DAMANI, 2457 MARTIN LUTHER, LLC, and ISHA M. ADIATA,<br><br>    Defendants. | Civil Action File No. _____ |

## VERIFIED COMPLAINT SEEKING APPOINTMENT OF RECEIVER AND OTHER RELIEF

Plaintiff COMERICA BANK, a Texas banking association ("Plaintiff"), files this Verified Complaint Seeking Appointment of Receiver and Other Relief, respectfully showing the Court as follows:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff is a banking association organized and existing under the laws of the State of Texas. Its principal place of business is Dallas, Texas. Plaintiff is the owner and holder of certain loan documents, as described in further detail below.

2. Defendant 5515 Spalding, LLC ("5515 Spalding") is a limited liability company organized and existing under the laws of the State of Georgia. 5515 Spalding's sole member is Defendant Anil Damani (who is a Georgia resident).

23693559.5

5515 Spalding can be served with process by serving its registered agent, Anil Damani, at 5515 Spalding's principal office address, 5675 Jimmy Carter Blvd., Suite 725, Norcross, Gwinnett County, Georgia 30071.

3. Defendant Anil Damani ("Damani") is a Georgia resident who can be served with process at 105 Dunwoody Creek Court, Atlanta, Fulton County, Georgia 30350.

4. Defendant 2457 Martin Luther, LLC ("2457 Martin Luther") is a limited liability company organized and existing under the laws of the State of Georgia. 2457 Martin Luther's sole member is Defendant Anil Damani (a Georgia resident). 2457 Martin Luther can be served with process by serving its registered agent, Pegah Firoozi, at 2299 Perimeter Park Drive, Suite 110, Atlanta, Fulton County, Georgia 30341.

5. Defendant Isha M. Adatia ("Adatia") is a Georgia resident who can be served with process at 5675 Jimmy Carter Blvd., Suite 725, Norcross, Gwinnett County, Georgia 30071. Defendants 5515 Spalding, Damani, 2457 Martin Luther, and Adatia shall be referred to collectively as "Defendants."

6. This Court has personal jurisdiction over Defendants and over the subject matter of this action, as diversity of citizenship exists and the amount in controversy exceeds $75,000.00. Venue is proper in this Court.

23693559.5

## FACTUAL BASIS OF CLAIMS

7. This is an action against Defendants stemming from defaulted loans on two commercial properties, which are located in Norcross, Georgia (5515 Spalding Drive, Peachtree Corners, Gwinnett County), and Atlanta, Georgia (2457 Martin Luther King, Jr. Drive, Atlanta, Fulton County) (collectively, the "Properties").

8. Plaintiff is the owner and holder of the following loan documents related to its loan to 2457 Martin Luther: (i) the Credit Agreement dated August 18, 2022, executed by 2457 Martin Luther (the "Martin Luther Credit Agreement") (attached hereto as **Exhibit A**), (ii) the Installment Note dated August 18, 2022, executed by 2457 Martin Luther and made in the original principal amount of $3,000,000.00 (the "Martin Luther Note") (attached hereto as **Exhibit B**), and (iii) the Deed to Secure Debt, Assignment of Rents and Leases, Security Agreement and Fixture Filing made as of August 18, 2022, recorded September 19, 2022, in the real property records of Fulton County, Georgia, at Deed Book 66152, Page 92 (the "Martin Luther Security Deed") encumbering real property commonly referred to as 2457 Martin Luther King Jr. Drive, Atlanta, Fulton County, Georgia 30311 (the "Martin Luther Property") (attached hereto as **Exhibit C**), (iv) the Guaranty dated August 18, 2022, executed by Damani (the "Damani Martin Luther Guaranty") (attached hereto as **Exhibit D**), (v) the Guaranty dated August 18, 2022, executed by Adatia (the "Adatia Martin Luther Guaranty") (attached hereto as **Exhibit E**),

and (vi) any and all other documents, instruments, and agreements executed in connection with the financing arrangements by and between Plaintiff, 2457 Martin Luther, Damani, and Adatia (collectively, the "Martin Luther Loan Documents").

9. Plaintiff is also the owner and holder of the following loan documents related to its loan to 5515 Spalding (the "Spalding Loan"): (i) the Credit Agreement dated October 3, 2022, executed by Spalding (the "Spalding Credit Agreement") (attached hereto as **Exhibit F**), (ii) the Installment Note dated October 3, 2022, executed by Spalding and made in the original principal amount of $5,800,000.00 (the "Spalding Note") (attached hereto as **Exhibit G**), (iii) the Deed to Secure Debt, Assignment of Rents and Leases, Security Agreement and Fixture Filing made as of October 3, 2022, recorded October 17, 2022, in the real property records of Gwinnett County, Georgia, at Deed Book 60257, Page 738 (the "Spalding Security Deed") encumbering real property commonly referred to as 5515 Spalding Drive, Peachtree Corners, Georgia 30092 ("Spalding Property") (attached hereto as **Exhibit H**), (iv) the Guaranty dated October 3, 2022, executed by Damani ("Damani Spalding Guaranty") (attached hereto as **Exhibit I**), (v) the Guaranty dated October 3, 2022, executed by Adatia ("Adatia Spalding Guaranty") (attached hereto as **Exhibit J**), and (vi) any and all other documents, instruments, and agreements executed in connection with the financing arrangements by and between Plaintiff, 5515

Spalding, Damani, and Adatia (collectively, the "Spalding Loan Documents" and together with the Martin Luther Loan Documents, the "Loan Documents").

10. As of the date of the filing of this Verified Complaint, Defendants are in default under the terms of the Loan Documents in several respects.

11. Among other things, Defendants have failed to pay all amounts owing under the Martin Luther Note as and when due. As of February 13, 2024, the amount due and owing on the Martin Luther Note (including principal, interest, late charges, and an early termination charge related to a separate swap agreement, but not including costs of collection) was **$2,921,741.08**. Interest and fees have accrued since that date and continue to accrue pursuant to the terms of the Martin Luther Loan Documents.

12. Defendants have similarly failed to pay all amounts owing under the Spalding Note as and when due. As of February 13, 2024, the amount due and owing under the Spalding Note (including principal, interest, late charges, and an early termination charge related to a swap agreement, but not including costs of collection) was **$5,929,433.60**. Interest and fees have accrued since that date and continue to accrue pursuant to the terms of the Spalding Loan Documents.

13. Defendants have failed to maintain or provide evidence of insurance on the Martin Luther Property and the Spalding Property as required pursuant to Sections 4(c) of the Martin Luther Credit Agreement and the Spalding Credit

Agreement and Sections 4 of the Martin Luther Security Deed and the Spalding Security Deed.

14. Defendants have failed to maintain a Debt Service Coverage Ratio of not less than 1.20 to 1.00 as required pursuant to Section 4(j) of the Spalding Credit Agreement.

15. Defendants have failed to pay all taxes and assessments as and when due on the Spalding Property as required by Section 4(d) of the Spalding Credit Agreement and Section 3 of the Spalding Security Deed. As of April 24, 2024, the tax delinquency on the Spalding Property was $75,650.95. Penalties and interest continue to accrue.

16. On November 20, 2023, Plaintiff provided Defendants with notice of their existing and continuing defaults under the Loan Documents. See November 20, 2023 correspondence attached hereto as **Exhibit K**. On February 13, 2024, Plaintiff provided additional notice of these defaults (see correspondence dated February 13, 2024, attached hereto as composite **Exhibit L**). This February 13, 2024 correspondence also accelerated the amounts due under the Loan Documents, and made demand for payment under O.C.G.A. § 13-1-11. Id. To date, Defendants have failed to cure their defaults.

17. The Loan Documents require Defendants to provide Plaintiff with documents and information concerning the Properties and Defendants' financial condition. Sections 4 of the Martin Luther and Spalding Credit Agreements state:

> **SECTION 4   AFFIRMATIVE COVENANTS.** So long as Bank shall have any commitment or obligation, if any, to make or extend any Loans to or in favor of Borrower, and/or so long as any Indebtedness remains unpaid and outstanding, Borrower covenants and agrees that it shall:
>
> (a) *Financial Statements; Reporting Requirements.* Provide to Bank, or cause to be provided to Bank, the following, each of which shall be prepared in accordance with GAAP, and shall be in form and detail acceptable to Bank:
>
> (i) As soon as available, and in any event within ninety (90) days after and as of the end of each fiscal year of Borrower, shall provide to Bank, annual internally prepared financial statements of Borrower for and as of the end of each such fiscal year, containing the balance sheet of Borrower as of the close of each such fiscal year, statements of income and retained earnings and a statement of cash flows of Borrower for each such fiscal year, and such other comments and financial details as are usually included in similar reports or as may be requested by Bank, certified by an Authorized Officer of Borrower.
>
> (ii) Within thirty (30) days of filing thereof each year, copies of the federal income tax returns of Borrower with all schedules, exhibits and other attachments thereto. In the event any extension of time for the filing of any such tax returns is requested, Borrower shall deliver a copy of any such extension to bank within fifteen (15) days of filing thereof.
>
> (iii) Within thirty (30) days after the end of each calendar year, deliver to Bank, in form and detail satisfactory to Bank, a certified rent roll for the Leased Property.
>
> (iv) Within thirty (30) days after the end of each calendar year, deliver to Bank a copy of all new or modified leases or other occupancy agreements for the Leased Property.
>
> (v) Simultaneous with the delivery to Bank of the respective financial statements required above, a Compliance Certificate.
>
> (vi) As soon as available, and in any event within thirty (30) days after and as of the end of each calendar year, copies of the annual personal financial statements of Anil Damani for and as of the end of certified by Anil Damani as to accuracy and fairness.
>
> (vii) Within thirty (30) days of the filing thereof each year, copies of the federal income tax returns of Anil Damani, together with all schedules, exhibits and other attachments thereto. In the event that any extension of the time for the filing of any such tax returns is requested, Anil Damani shall deliver a copy of any such extension to Bank within fifteen (15) days of the filing thereof.
>
> (viii) Within thirty (30) days after and as of the end of each calendar year (and at such other times as Bank may request), such statements, schedules, certificates and reports respecting all or any of the Liquid Assets of Anil Damani as Bank may request, certified by Anil Damani. Any statement, schedule, certificate or report identifying any Liquid Asset shall be accompanied (if Bank so requests) by evidence of Anil Damani's ownership of the Liquid Asset, evidence that the Liquid Asset is Unencumbered and evidence of the Liquid Asset's current value.
>
> (ix) Concurrently with the delivery of the annual personal financial statement of Anil Damani, deliver to Bank, in form and detail satisfactory to Bank, a "Real Estate Owned Schedule" listing all properties owned by Anil Damani either directly or as an investor in partnerships, limited liability companies, privately-held corporations, or in a trust, including year-to-date revenue, operating expense, net operating income, total debt, debt service, Anil Damani's share of debt for each property, capital expenditures, rentable area and rate of occupancy in form and content acceptable to Bank.
>
> (x) Promptly after becoming aware of the occurrence or existence of any Default or Event of Default, or of any other condition, occurrence or event which has had or could reasonably be expected to have a Material Adverse Effect, a written statement of an Authorized Officer of Borrower setting forth the details of such Default or Event of Default, or such other condition or occurrence, and the action which Borrower has taken or caused to be taken, or proposes to take or cause to be taken, with respect thereto.
>
> (xi) Such other information concerning Borrower, any Loan Party and/or any Guarantor as Bank shall reasonably request from time to time.

<u>See</u> Martin Luther Credit Agreement and Spalding Credit Agreement at § 4.

18. Despite these requirements, however, Defendants have not provided any of this information since June 2022.

19. Plaintiff is under-secured with regard to both collateral Properties (i.e., the outstanding debt exceeds the value of the Properties).

20. Upon information and belief, Defendants have not paid vendors servicing the Martin Luther Property in a timely manner (for example, the property manager at the Martin Luther Property resigned due to non-payment). Such failure could cause the Martin Luther Property to quickly fall into disrepair and rapidly decline in value.

## COUNT ONE:  APPOINTMENT OF RECEIVER

21. Plaintiff incorporates by reference the allegations of the preceding Paragraphs as if fully set forth herein.

22. To protect the value of the Martin Luther Property and the Spalding Property, it is necessary for this Court to appoint a receiver to manage the Properties.

23. Defendants are unable to pay their debts as they become due; to-wit, the indebtedness evidenced by the Martin Luther Note and the Spalding Note and obligations related to real estate taxes and insurance.

24. There are currently several rent-paying tenants at the Martin Luther Property and a single rent-paying tenant at the Spalding Property.

25. Upon information and belief, for a period of several months Defendants were collecting rent from tenants at the Properties and absconding with the funds

instead of satisfying their obligations to Plaintiff, paying taxes, and paying insurance on the Properties.

26. Accordingly, Plaintiff is entitled to the appointment of a receiver to protect the value of the Martin Luther Property and the Spalding Property and Plaintiff's interests therein.

27. Moreover, Paragraphs 13(d) of the Martin Luther Security Deed and the Spalding Security Deed specifically authorize the appointment of a receiver to manage the Properties and collect rents where, as here, the borrower Defendants are in default.

28. In addition, Paragraphs 21 of the Martin Luther Security Deed and the Spalding Security Deed provide as follows with regard to appointment of a receiver:

> 21. If an Event of Default shall occur, Grantee to the extent permitted by law and without regard to the value or occupancy of the security shall be entitled as a matter of strict right to the appointment of a receiver to enter upon and take possession of the Premises. The receiver shall collect all revenues, issues, income, profits and rents thereof, and apply the same as the court may direct. Grantor hereby specifically waives the right to object to the appointment of a receiver as described herein and hereby expressly consents that such appointment shall be made as Grantee's absolute right and that such appointment may be made without notice to Grantor. The receiver shall have all rights and powers permitted under the laws of Georgia and such other powers as the court making such appointment shall confer. The expenses, including receiver's fees, reasonable attorneys' fees, costs and agent's compensation, incurred pursuant to the powers herein contained shall be secured by this Deed to Secure Debt. The right to enter and take possession of, to manage and operate, the Premises, to collect the revenues, issues, income, profits and rents thereof, whether by a receiver or otherwise, shall be cumulative to any other right or remedy hereunder or afforded by law, and may be exercised concurrent therewith or independently thereof. Grantee shall be liable to account only for such rents, issues and profits actually received by Grantee. Notwithstanding the appointment of any receiver, trustee or other custodian, Grantee shall be entitled as pledgee to the possession and control of any cash, or other instruments at the time held by, or payable or deliverable under the terms of this Deed to Secure Debt to Grantee.

This language, coupled with Defendants' defaults under the Loan Documents, warrants the appointment of a receiver for both Properties. See, e.g., Comerica Bank v. Everglades Dressage, LLC, 2021 WL 911065 at * 2 (S.D. Fla. 2021)

("Defendants' consent in the Loan Documents to the appointment of receiver weighs heavily towards finding such action justified") (collecting cases); see also <u>Lemans Associates Limited Partnership v. Lemans Apartments</u>, 268 Ga. 396 (1997) (affirming appointment of receiver "[b]ecause Lemans was authorized under its note and security agreement to seek a receiver and because the trial court did not abuse its discretion in appointing one[.]").

29. If a receiver is not appointed for the Properties, Plaintiff will suffer immediate and irreparable injury, loss, and damage for which there is no adequate remedy at law.

30. Plaintiff has notified Defendants of their defaults and of Plaintiff's intentions to exercise its rights under the Loan Documents. See **Exhibits K and L**.

31. Plaintiff will attempt to give notice of the filing of this Verified Complaint and of any hearing set in this matter to Defendants.

32. All conditions precedent to entitling Plaintiff to relief and to establishing Defendants' liability have occurred, have been waived, and/or have been satisfied.

33. Accordingly, to protect the value of the Martin Luther Property and the Spalding Property (and Plaintiff's rights therein), the appointment of a receiver is warranted. A proposed Receivership Order setting forth the duties and authority of the proposed receiver is attached hereto as **Exhibit M**.

## COUNT TWO:  BREACH OF CONTRACT

34. Plaintiff incorporates by reference the allegations of the preceding Paragraphs as if fully set forth herein.

35. As set forth above, Defendants have breached the Loan Documents in several material respects.

36. As a consequence of Defendants' breaches, Plaintiff is entitled to judgment in an amount to be proven at trial, but in no event less than **$2,921,741.08** with regard to the Martin Luther Note and **$5,929,433.60** with regard to the Spalding Note.

## COUNT THREE:  ATTORNEYS' FEES

37. Plaintiff incorporates by reference the allegations of the preceding Paragraphs as if fully set forth herein.

38. In connection with providing notice of Defendants' defaults, Plaintiff has advised that any and all provisions in the Loan Documents entitling Plaintiff to recover its attorneys' fees will be enforced.  See **Exhibit L**.  Defendants did not cure their defaults within ten (10) days of the notice, however.

39. Accordingly, Plaintiff is entitled to recover its costs of litigation, including its attorneys' fees.

WHEREFORE, Plaintiff prays that this honorable Court will:

(a)  Hear this Complaint;

(b)  Enter judgment against Defendants 2457 Martin Luther, Damani, and Adatia on the debt evidenced by the Marin Luther Note (and other Loan Documents) in an amount not less than $2,921,741.08 (including principal, interest, and late fees), together with attorneys' fees, costs of collection, other costs collectable pursuant to the Martin Luther Loan Documents, and post-judgment interest.

(c)  Enter judgment against Defendants 5515 Spalding, Damani, and Adatia on the debt evidenced by the Spalding Note (and other Loan Documents) in an amount not less than $5,929,433.60 (including principal, interest, and late fees), together with attorneys' fees, costs of collection, other costs collectable pursuant to the Spalding Loan Documents, and post-judgment interest.

(d)  Enter an Order appointing a receiver to manage, oversee, and care for the Properties;

(e)  Enter an Order requiring Defendants to turn over all rents and incomes of the Properties after payment of bona fide operating expenses to a receiver appointed by this Court;

(f) Enter an Order enjoining and restraining Defendants as well as their agents and representatives, from using or disposing of any of the rents or incomes from the Properties in any manner other than turning them over to a receiver appointed by this Court; and

(g) Grant such other and further relief as the Court may deem just and proper if it is not able to rule upon the merits of this civil action in full at a preliminary hearing.

RESPECTFULLY SUBMITTED this 14th day of May, 2024.

                               /s/ Walter E. Jones
                               MATTHEW B. AMES
                               Georgia Bar No. 015898
                               WALTER E. JONES
                               Georgia Bar No. 163287

*Attorneys for Plaintiff Comerica Bank*

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA  30308
Telephone:  (404) 261-6020
Facsimile:  (404) 261-3656
mames@balch.com
wjones@balch.com

13

23693559.5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMERICA BANK, a Texas banking association,<br><br>    Plaintiff,<br><br>v.<br><br>5515 SPALDING, LLC, ANIL DAMANI, 2457 MARTIN LUTHER, LLC, and ISHA M. ADIATA,<br><br>    Defendants. | Civil Action File No. _____ |

## VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer oaths, Keith Maruska, Senior Vice President of Comerica Bank, who after being duly sworn and deposed on oath states that the facts and statements set forth in Comerica Bank's *Verified Complaint Seeking Appointment of Receiver and Other Relief* are within his personal knowledge and are true and correct.

Submitted this 14th day of May, 2024.

                                                        **COMERICA BANK**

                                                        By: Keith Maruska
                                                        Its: Senior Vice President

23693559.5

## CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )
                                       ) ss
County of _San Diego_                  )

On May _14th_, 2024 before me, _Marius I Munteanu, Notary Public_, personally appeared Keith Maruska, Senior Vice President of Comerica Bank, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(SEAL)

_Marius Munteanu_
(Notary Public's Signature)

_Marius I Munteanu_
(Type or Print Name)

MARIUS I. MUNTEANU
COMM.# 2427793
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires Nov. 22, 2026

23693559.5